Case 9:05-cv-00054-RC-JKG   Document 11   Filed 05/23/05   Page 1 of 3 PageID #: 26

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT
05 MAY 23 PM 3:51
TX EASTERN - BEAUMONT
BY _____

HOMER EARL CHATMAN              §
                                §   CIVIL ACTION NO. 9:05cv54
THE ANGELINA COUNTY JUSTICE     §
SYSTEM, ET AL.

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Homer Chatman, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Chatman complained that the county judge and a probation supervisor conspired to have him falsely imprisoned after he refused to be an informant for the Nacogdoches drug task force. He says that this happened in March of 1998. Chatman states that in November of 1998, his probation was revoked and he was sent to prison, even though his probationary period was for two years and he had received it in 1994. Chatman argues that his probation expired in February of 1996 so it could not have been revoked in November of 1998.

The Magistrate Judge reviewed the pleadings and determined that Chatman could not adjudicate the legality of his probation revocation until the revocation was set aside or declared invalid, pursuant to Heck v. Humphrey, 114 S.Ct. 2364 (1994). The Magistrate Judge also noted that Chatman's release from confinement did not affect this analysis, because the Fifth Circuit held in Randall v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000), that an inmate who is no longer in custody

1

and thus cannot file a habeas corpus petition is still bound by Heck and cannot file a Section 1983 lawsuit seeking damages for unconstitutional imprisonment absent a showing that the conviction has been overturned or set aside. Thus, the Magistrate Judge concluded that Chatman's petition should be dismissed without prejudice until such time as he could show that the probation revocation at issue, and his incarceration pursuant to that revocation, have been set aside, overturned, declared invalid, or called into question through the issuance of a federal writ of habeas corpus or coram nobis. Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998).

Chatman filed objections to the Magistrate Judge's Report on May 3, 2005. In his objections, Chatman complains that he was denied due process of law and falsely imprisoned under a revocation that had expired and been set aside; however, he fails to show that the imprisonment under this revocation has itself been overturned or set aside. Until such time as Chatman shows that this imprisonment has been declared unlawful, he cannot seek compensatory damages for this allegedly false imprisonment. *See* Randall, 227 F.3d at 300-01. Chatman's objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other filings and records in the cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled lawsuit be and hereby is DISMISSED without prejudice until such time as Chatman can demonstrate that his probation revocation and subsequent incarceration stemming from that revocation have been set aside, overturned, declared invalid, or called into question through the issuance of a federal writ of habeas corpus or coram nobis. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this ___17th___ day of May, 2005.

_____
RON CLARK
UNITED STATES DISTRICT JUDGE